RIEBERGER *v.* RIEBERGER

1. TRIAL—AMENDMENTS TO PLEADINGS.

    A trial judge may allow amendments to pleadings during a trial, but if he does so he must afford the opposing party an adequate opportunity to meet the newly-injected issue (GCR 1963, 118.3; Common Pleas Court Rule 11.2).

2. TRIAL—ACTION—AFFIRMATIVE DEFENSE—DENIAL OF REBUTTAL—NEW TRIAL.

    Error of trial judge in denying plaintiff an opportunity to put in rebutting proofs on the issue of failure of consideration, in an action to recover for nonpayment of note, *held,* to require a new trial where defendant put in evidence in support of a defense of failure of consideration although this defense had not been affirmatively pleaded by defendant as required by court rules (GCR 1963, 111.7; Common Pleas Court Rule 9.4).

Appeal from Common Pleas Court of Detroit, John Patrick O'Brien, J. Submitted Division 1 May 14, 1969, at Detroit. (Docket No. 5,061.) Decided July 28, 1969.

Complaint by John Rieberger against Frank Rieberger for nonpayment of a nonnegotiable note. Judgment of no cause of action. Plaintiff appeals. Reversed and remanded for a new trial.

*Smith, Bokos & Jones,* for plaintiff.

*Elsman, Young & O'Rourke,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 296, 311.
[2] 41 Am Jur, Pleading § 311.
    39 Am Jur, New Trial § 112.

Per Curiam. At trial and on this appeal the plaintiff objected to the introduction of evidence by the defendant in support of a defense of failure of consideration. This defense had not been affirmatively pleaded by the defendant as required by GCR 1963, 111.7 and Rule 9.4 of the rules of the Common Pleas Court of Detroit. The plaintiff argued that since such defense had not been pleaded it was waived. GCR 1963, 111.3.

Plaintiff commenced this action for nonpayment of a nonnegotiable note. The authenticity of the note is not in issue. Although the note does not clearly express the consideration for its issuance, the amount due is $2,500.

At trial, after the plaintiff had presented his proofs and rested, the defendant made a motion to dismiss raising for the first time the issue of failure of consideration. This motion was denied by the trial court consistent with its finding that plaintiff had established a *prima facie* case.

Defendant then made a motion to amend his pleadings to include several affirmative defenses, one of which was failure of consideration. The trial court took this motion under advisement and ruled that the defendant should proceed with his proofs presenting evidence in support of such affirmative defenses on a separate record. The plaintiff then took the stand for further testimony, after having been called by the defendant for cross-examination as an adverse witness, on the issue of failure of consideration. At the conclusion of his testimony, the defendant moved to dismiss the plaintiff's complaint primarily on the basis that there was a failure of consideration. The trial court at this point found that there was a failure of consideration. It also ruled that plaintiff would not be given an opportunity to rebut defendant's proofs.

Subsequently, the trial court entered a judgment of no cause of action. A motion for new trial was denied.

A trial judge may allow amendments to pleadings during the trial, but if he does so he must afford the opposing party an adequate opportunity to meet the newly injected issue. See GCR 1963, 118.3 and Rules 11.2 and 39 of the rules of the Common Pleas Court of Detroit. In this case the trial judge erred in denying the plaintiff an opportunity to put in rebutting proofs on the issue of failure of consideration.

Reversed and remanded for a new trial. Costs to plaintiff.